LAW OFFICES OF
WALKUP, MELODIA, KELLY & SCHOENBERGER
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26ᵀᴴ FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
T: (415) 981-7210 · F: (415) 391-6965

MICHAEL A. KELLY (State Bar #71460)
mkelly@walkuplawofice.com
VALERIE N. ROSE (State Bar #272566)
vrose@walkuplawoffice.com

ROGER A. DREYER (STATE BAR # 95462)
DREYER, BABICH, BUCCOLA, WOOD & CAMPORA
20 Bicentennial Circle
Sacramento, CA 95826
T:  (916) 379-3500
F:  (916) 379-3599
rdreyer@dbbwc.com

ATTORNEYS FOR PLAINTIFF
ELENA TYURINA

JAMES W. RUSHFORD,  (SBN 088739)
RUSHFORD & BONOTTO, LLP
1010 Hurley Way, Suite 410
Sacramento, California 95825
Phone:  (916) 565-0590
Fax:  (916) 565-0599
jrushford@rushfordbonotto.com

R. GREGORY AMUNDSON, ESQ. (SBN 079710)
EDWARD D. BALDWIN, ESQ. (SBN 160723)
WOOD, SMITH, HENNING & BERMAN, LLP
1401 Willow Pass Road, Ste. 700
Concord, CA 94520
Phone:  (925) 222-3400
Fax:  (925) 356-8250
ramundson@wshblaw.com
ebaldwin@wshblaw.com

Attorneys for Defendants, URBANA TAHOE TC LLC and
URBANA TAHOE BEVERAGE COMPANY, LLC

1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ELENA TYURINA,

               Plaintiff,

   v.

URBANA TAHOE TC LLC; URBANA TAHOE BEVERAGE COMPANY, LLC dba Beach Retreat and Lodge Tahoe,

               Defendants.

Case No. 2:16-cv-00759-TLN-DB

**JOINT PRE-TRIAL STATEMENT**

Date:    May 17, 2018
Time:   2 p.m.
Crtrm.: 2

Complaint Filed: April 13, 2016
Trial Date: July 16, 2018

Plaintiff Elena Tyurina and defendants Urbana Tahoe TC, LLC and Urbana Tahoe Beverage Company, LLC (collectively "Urbana Tahoe" or the "Urbana Tahoe defendants") hereby submit this joint pretrial statement.

**I.    JURISDICTION – VENUE**

This Court has jurisdiction under 28 U.S.C. Section 1332. Plaintiff is a resident of Minnesota. Defendants URBANA TAHOE TC, LLC and URBANA TAHOE BEVERAGE COMPANY, LLC are Delaware and California corporations, respectively. The amount in controversy exceeds the sum of $75,000.

**II.   JURY – NON-JURY**

All parties have demanded a jury trial of all of the issues.

**III.  UNDISPUTED FACTS**

1.    This is a personal injury case stemming from a fall that occurred on October 9, 2015 off of the Beach Retreat pier located in South Lake Tahoe.

2.    At the time, the Beach Retreat was owned and managed by defendant Urbana Tahoe TC, LLC.

3.    The Beach Retreat pier is approximately 1000' in length and approximately 16-20' in width.

////

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

2

JOINT PRE-TRIAL STATEMENT - CASE NO. 2:16-cv-00759-TLN-DB

4. Action Motorsports operates a watersports business on the pier as a lessee of Urbana Tahoe TC, LLC.

5. There is a restaurant on the pier, located at the base of the pier and owned and managed as part of the hotel by defendant Urbana Tahoe TC, LLC.

6. There a post-and-rope barrier along both sides of the pier in the area of the restaurant.

7. There are lighting fixtures mounted on the pier only in the area of the restaurant.

8. There is no rail or physical barrier along any part of the pier beyond the restaurant, including the area where the fall occurred.

9. There is no artificial lighting on the pier beyond the restaurant, including the area where the fall occurred.

10. On October 9, 2015, plaintiff Elena Tyurina was a hotel guest of the Beach Retreat.

11. On October 9, 2015, Ms. Tyurina and her travelling companion, Fedor Demeshko, checked in to the hotel and shared a bottle of wine on the Beach Retreat pier while watching the sunset.

12. Later that evening, Ms. Tyurina and her companion dined at the restaurant inside the hotel, but she consumed no alcohol.

13. Sometime after dinner, the couple had a disagreement. Ms. Tyurina proceeded to walk alone along the shore.

14. Shortly before 10:00 p.m., Ms. Tyurina returned to the hotel pier and walked along its length.

15. At the time she returned to the pier, access to the pier was open to pedestrian traffic.

16. As Ms. Tyurina walked towards the end of the pier, she became fearful of the dark, and turned around to walk back towards the shore-end of the pier.

////

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

17. Ms. Tyurina walked off the west side edge of the pier as she was walking back towards the shore-end of the pier.

18. At the location where Ms. Tyurina fell, the walking surface of the pier was approximately 12 feet above the lakebed below.

19. Ms. Tyurina sustained a spinal cord injury in the fall that rendered her paraplegic.

## IV. DISPUTED FACTUAL ISSUES

1. Whether the pier presented an unreasonable risk of harm.

2. Whether defendants had actual or constructive notice that the pier presented an unreasonable risk of harm.

3. Whether defendants were negligent in their ownership and management of the pier.

4. Whether defendants' negligence was a substantial factor in causing plaintiff's harm.

5. Whether plaintiff was comparatively negligent.

### A. Plaintiff's Additional Disputed Factual Issues

6. The nature and extent of plaintiff's damages, including past and future medical expenses, wage loss, earning capacity, and non-economic damages.

7. Whether plaintiff fell onto a dry lakebed, which consisted of exposed sand and dirt.

8. Whether defendants took any action to erect barriers, guards, railings, or lights to increase safety on the pier before Ms. Tyurina's injury but after two prior serious injuries- one to a visitor and one to an employee.

### B. Defendants' Additional Disputed Factual Issues

9. Whether the nature and extent of plaintiff's damages should be reduced, due to the availability of alternative medical care funding through government programs including Medicaid and the Affordable Care Act.

10. Whether Plainfield was negligent by walking on the pier without using

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

4

JOINT PRE-TRIAL STATEMENT - CASE NO. 2:16-cv-00759-TLN-DB

1   reasonable care for her own safety.

2        11.   Whether Ms. Tyurina was intoxicated.

3   **V.    DISPUTED EVIDENTIARY ISSUES**

4       **A.    Plaintiff's Disputed Evidentiary Issues**

5       Plaintiff will file motions to limit or exclude testimony from a number of

6   defendants proposed experts. As expert discovery is incomplete and depositions are

7   ongoing, plaintiff reserves the right to amend or add to the list enumerated below.

8       1.   Plaintiff will move to exclude  the testimony of defense expert Charles

9   Cowan, Ph.D., who is offered to provide irrelevant and inadmissible "statistical

10   evidence" that accidents have not occurred at some other unrelated locations owned

11   and operated by other people.  Defendants intend to argue that the absence of

12   accidents at other unrelated and dissimilar properties proves that these defendants

13   were not negligent failing to act reasonably to protect guests at their property.  Dr.

14   Cowan's qualifications, methodology and opinions are insufficient under *Daubert*.  He

15   claims to have conducted a "study" that does not utilize a methodology recognized in

16   the scientific community, relies on incidents that are not substantially similar,

17   confuses the issue of defendants notice and knowledge, and is not relevant to any

18   disputed issue in the case.

19       2.   Plaintiff will move in limine to exclude the testimony of defense

20   "hospitality expert" Thomas Daly.  Mr. Daly has no hospitality opinions relative to

21   hotel operations – instead he offers speculation about accident causation, plaintiff's

22   alleged intoxication, and the applicability or inapplicability of codes (covered by a

23   different expert).  His opinions lack foundation, do not qualify as expert opinions

24   under Fed. R. Evid. 703, are outside his field(s) of expertise and invade the province

25   of the jury.

26       3.   Plaintiff will move to exclude two experts who intend to testify

27   regarding the same impermissible issue: the availability of future collateral sources,

28   future insurance availability, future government benefit availability, other irrelevant

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

1  benefits in order to decrease plaintiffs damages, and the "reasonable value" of future

2  medical costs calculated by reliance on prohibited collateral sources including

3  Medicare and Medicaid.  Plaintiff's motions in this respect will be to exclude

4  defendants' experts Henry Miller, Ph.D. and Thomas Dawson.  Dr. Miller has never

5  been permitted to offer these opinions in court, and has been excluded more than

6  once.  Mr. Dawson has been excluded by other courts, and his opinion and testimony

7  should likewise be prohibited.  Each seeks to opine that plaintiff's future care costs

8  can be reduced by collateral sources and/or that "future reasonable value" is a

9  function of a self-created algorithm derived from MediCare and ACA insurance

10 payment schemes.  These experts are duplicative and the testimony is impermissible

11 under *Daubert* for the reasons articulated above.

12      4.    Plaintiff will move in limine to exclude defendant's expert Mark Gomez,

13 Ph.D..  Dr. Gomez was designated as a <u>rebuttal witness</u> in the field of biomechanics.

14 Because plaintiff did not name a biomechanical expert, his designation is improper.

15      5.    Plaintiff will move to exclude defendants' expert Michael Goeringer,

16 AIA, who opines that the pier's lack of handrails and lights did not constitute a code

17 violation.  There has never been an allegation that this dangerous condition is the

18 result of a code violation. This is irrelevant testimony which is both confusing and

19 misleading.

20      6.    Plaintiff will move in limine to exclude any testimony by defendants'

21 toxicologist regarding any Blood Alcohol Test results from Renown Regional Medical

22 Center.  Neither defendants nor their expert can establish sufficient foundational

23 evidence to admit the evidence.  Defendants should be precluded from offering

24 foundational testimony from Mae Abrigonde of Renown Regional Medical Center, as

25 they failed to designate her as a non-retained expert witness.

26      7.    Plaintiff will move in limine under *Daubert* to exclude all speculative

27 testimony by defendant's expert Alan Donelson, Ph.D., including testimony regarding

28 hypothetical scenarios about different amounts of alcohol at different concentrations

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

6

JOINT PRE-TRIAL STATEMENT - CASE NO. 2:16-cv-00759-TLN-DB

1  that may have been consumed by Ms. Tyurina.  Plaintiff will likewise move to Dr.

2  Donelson's admittedly speculative opinion that Ms. Tyurina drank part of a second

3  bottle of wine purchased by her travelling companion.  This is not an expert opinion,

4  invades the province of the jury, and is unduly prejudicial.

5      8.    Plaintiff will move in limine under *Daubert* to exclude defense expert

6  Michael DeVivo, Ph.D.  Dr. DeVivo offers unreliable and speculative opinions about

7  plaintiff's "survival probabilities," relying upon a database of patients with spinal

8  cord injuries instead of on data specific to plaintiff.

9      9.    Plaintiff will move to exclude all photographs, animation and testimony

10  from Hugo Conchucos of DK Global, inappropriately identified for the first time on

11  defendants' witness list as a "percipient" or "foundational" witness.  Mr. Conchucos'

12  work product was not identified as relied upon in any expert report; nor was he

13  disclosed as an expert witness.  Plaintiff has had no opportunity to review his

14  photographs or animation, examine him via deposition, or evaluate whether a

15  rebuttal expert would be appropriate.  Admission of his testimony or work product

16  would therefore be highly prejudicial.

17      10.   Plaintiff will move to exclude any new, affirmative opinions expressed

18  by any expert that was not properly disclosed in his or her expert report.

19  **B.    Defendant's Disputed Evidentiary Issues**

20      -Whether the lack of railings and lighting on the pier are open and obvious

21  conditions.

22      -Whether similar drought conditions have existed at Lake Tahoe in previous

23  years.

24      -Whether there is admissible evidence regarding known history of accidents

25  where persons fell or jumped off the subject pier prior to 2014.

26      -Whether the lights in and adjacent the restaurant at the shore end of the pier

27  when plaintiff went back up onto the pier following her argument with her friend.

28      -Admissibility of blood testing at Renown Medical Center showing plaintiff to

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

1  have a .07% serum blood alcohol at 11:17 pm on the night of plaintiff's accident.

2    -Admissibility of evidence regarding the MacFarlane accident. MacFarlane was

3  not a guest of defendants and dove off the pier to recover money that had blown out of

4  her purse. Not at all relevant to this case where plaintiff claims she walked of the pier

5  in the dark (Calif. Evidence Code §§ 350, 352; Rules of Evidence 402, 403);

6    -Admissibility of evidence regarding the Walker/Cooney accident. Walker, (now

7  Cooney) was an employee of defendants who claims she walked off the pier in the dark

8  (Calif. Evidence Code §§ 350, 352; Rules of Evidence 402, 403);

9    -Admissibility of evidence of alleged bad acts of defendants. Plaintiff's counsel

10  have described this as a case of "aggravated liability" and apparently intend to offer

11  evidence that defendants acted in a callous manner and put profits ahead of safety.

12  Plaintiff's First (an only) Claim for Relief in the complaint is for simple premises

13  liability. There is no punitive damage claim. The issues for that claim are: was the

14  premises unreasonably dangerous, did defendants have actual or constructive

15  knowledge of the danger, did the defendants fail to correct or warn of any unreasonable

16  danger and, if liability is found, the nature and extent of plaintiff's injuries and

17  damages (Calif. Evidence Code §§ 350, 352; Rules of Evidence 402, 403);

18    -Admissibility of evidence of incident where David Flynn drowned while

19  swimming near the pier.  No evidence of him falling or jumping off the pier (Calif.

20  Evidence Code §§ 350, 352; Rules of Evidence 402, 403);

21    -Appropriateness of plaintiff's counsel referencing specific dollar amounts

22  during voir dire, assuming the court allows voir dire by counsel.

23    -Admissibility of testimony by plaintiff's expert Osinski. Not qualified to

24  testify in this case (California Evidence Code §§ 801, 803, Rule of Evidence 702);

25    -Admissibility of testimony by plaintiff's expert Kitzes, (California

26  Evidence Code §§ 801, 803, Rule of Evidence 702) and as cumulative and not qualified

27  to testify in this case;

28    -Admissibility of testimony by plaintiff's expert Lloyd Williams

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

8

JOINT PRE-TRIAL STATEMENT - CASE NO. 2:16-cv-00759-TLN-DB

1  (California Evidence Code §§ 801, 803, Rule of Evidence 702);

2         -Admissibility of testimony by plaintiff's expert Sarkisian (California

3  Evidence Code §§ 801, 803, Rule of Evidence 702);

4         -Admissibility of testimony by plaintiff's expert Mayda (California

5  Evidence Code §§ 801, 803, Rule of Evidence 702);

6         -Admissibility of evidence of defendant's size, financial condition or

7  insurance coverage (Calif. Evidence Code §§ 350, 352; Rules of Evidence 402, 403);

8         -Admissibility of evidence re cost for defendant's purchase of resort (Calif.

9  Evidence Code §§ 350, 352; Rules of Evidence 402, 403);

10        -Admissibility of evidence of subsequent remedial measures taken by

11  defendants; (California Evidence Code § 1151, Rules of Evidence 407)

12        -Preclusion of any evidence of settlement discussions or negotiations

13  (California Evidence Code § 1152);

14        -Admissibility of evidence by plaintiff's economic experts regarding

15  plaintiff's possibly moving to San Diego, CA and expert testimony regarding costs of

16  health services and living expense in San Diego as opposed to Minneapolis, MN when

17  plaintiff resides and resided at the time of the accident as speculative;

18        -Admissibility of experts' reports;

19        -Admissibility of Medical Records.

20        -Admissibility of experts opinions not expressed in their reports or

21  deposition testimony.

22        -Admissibility of any claims against or by Action Motorsports, a dismissed

23  party;

24        -Admissibility of Andrew Poscis's deposition (or live testimony) about an

25  accident on the pier long before Urbana took ownership and with no indication the

26  incident was ever communicated to anyone involved with the resort.  (Calif. Evidence

27  Code §§ 350, 352; Rules of Evidence 402, 403)

28        -Admissibility of evidence of maintenance issues not directly related to

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

9

JOINT PRE-TRIAL STATEMENT - CASE NO. 2:16-cv-00759-TLN-DB

1  plaintiff's claims that the lack of lighting, signs and rails caused her fall;  (California

2  Evidence Code §§ 350, 352, Rule of Evidence 402, 403) and

3          -Admissibility of evidence of medical expenses billed but not actually paid

4  [*Howell v. Hamilton Meats & Provisions* (2011) 52 Cal.4th 541; *Corenbaum v.*

5  *Lampkin,* (2013) 215 Cal.App.4th 1308 and related subsequent case authority].

## VI.  SPECIAL FACTUAL INFORMATION IN CERTAIN ACTIONS

### A.  Date, Place, and Nature of Incident; Bases for Liability

*See* Section III through V above.

Plaintiff Elena Tyurina alleges that the pier was unsafe and presented an unreasonable risk of harm.  Plaintiff further alleges that defendant negligently failed to properly own and manage its property and provide a reasonably safe walking surface for pedestrians and guests, including failing to guard against the risk of falling off of the pier by providing adequate lighting, fall protection such as railings, or visual cues to alert pedestrians to the presence of a fall risk, and failing to take reasonable measures to restrict or manage pedestrian traffic in a way that prevented pedestrians from stepping from the edge of the unlit and unmarked pier edge and falling to the earth below.

Plaintiff likewise alleges that defendants had actual and constructive notice of the unreasonable risk of harm posed by the pier, including the existence of prior injuries, and defendants failed to eliminate the foreseeable risk of injury to pedestrians.

Defendant contends as follows:

-Plaintiff had been on the pier earlier the same day of her accident, drinking wine while dangling her legs over the edge of the pier in an area where the pier was over water;

    -No statute, ordinance or regulation required lighting on the subject pier;

    -No statute, ordinance or regulation required handrails on the subject pier;

    -Conditions on the pier are open and obvious.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

10

JOINT PRE-TRIAL STATEMENT - CASE NO. 2:16-cv-00759-TLN-DB

**B.     Plaintiff's Age, Injuries, and Damages**

Plaintiff Elena Tyurina was born on March 29, 1984 and is 34 years old.  As a result of the subject fall, she sustained a fracture at the T-11-12 level of her thoracic spine that caused permanent T10 paraplegia.  To stabilize the injury, she underwent lumbar decompression at T10-L1 and lumbar fusion at T10-L2 at Renown Medical Center in Reno Nevada on October 10, 2015.

In addition to permanent paraplegia, plaintiff also suffers from neurogenic bladder and bowel, neuropathic pain, spasms below the injury, heterotrophic ossification on the left knee, drop foot and inward foot rotation, loss of sexual function, bilateral tennis elbow, and myriad other issues.

Plaintiff did not have a spinal cord injury or condition prior to the fall.  Plaintiff did have a history of right shoulder dislocation prior to the fall.  Wheelchair use has exacerbated this problem and the shoulder ultimately required surgery on January 11, 2017.  Plaintiff continues to suffer from severe right shoulder dysfunction.

Plaintiff has incurred approximately $298,000 in paid past medical expenses. Plaintiff's experts have opined that her future medical and attendant care expenses will range between approximately $8,651,309 and $11,750,039.

In April 2016, Ms. Tyurina's treating physiatrist cleared her to work beginning on May 4, 2016 with restrictions, including an hourly limit of 16 hours per week, 4 hours per day, 4 days per week.  She is currently working as a researcher at the University of Minnesota.

Plaintiff's experts will testify that Ms. Tyurina has a past wage loss claim between approximately $129,313 and $162,593.  Prior to the injury, she was working as a laboratory assistant earning approximately $13 per hour.  Plaintiff's experts will testify that her future income and benefit loss is approximately $2,215,089 and $2,622,855.

Defendants' experts will testify to substantially lower numbers.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

11

JOINT PRE-TRIAL STATEMENT - CASE NO. 2:16-cv-00759-TLN-DB

## VII.  RELIEF SOUGHT

Plaintiff ELENA TYURINA seeks and award of compensatory damages including medical expenses, future medical expenses, past loss of earnings, and future impairment of earnings, as well as past and future physical pain, mental suffering, loss of enjoyment of life, physical impairment, inconvenience, anxiety, and emotional distress.

## VIII.  POINTS OF LAW

Plaintiff's claims are based on California negligence and premises liability law. Plaintiff will offer pertinent California CACI instructions.

Defendants state that, per the complaint, this is a simple premises liability case governed by state law as expressed in CACI Instructions 1000, 1001, 1003 and 1004. Defendants allege comparative fault (CACI 405), intoxication (CACI 404).

## IX.  ABANDONED ISSUES

Plaintiff settled with Action Motorsports of Tahoe, Inc., and that entity was dismissed with prejudice on April 3, 2018.  Per agreement between defendants and Action Motorsports, comparative fault with regards to Action Motorsports will not be raised in this trial but will be preserved for another forum.

## X.  WITNESSES

Plaintiff's Potential Witnesses and Defendants' Potential Witnesses are listed within Addendum 1.

**See Addendum 1.**

## XI.  EXHIBITS – SCHEDULES AND SUMMARIES

Plaintiff's Exhibit List and Defendants' Exhibit List are attached within Addendum 2.

**See Addendum 2.**

## XII.  DISCOVERY DOCUMENTS

Plaintiff intends to offer portions of the videotaped deposition of Thomas Fitzpatrick, as listed in Addendum 3.  Plaintiff may offer portions of the deposition of

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

12

JOINT PRE-TRIAL STATEMENT - CASE NO. 2:16-cv-00759-TLN-DB

1  Bonnie Worhol, M.D., depending on her availability. Defendant may offer videotaped

2  deposition of Thomas Fitzpatrick and Mae Abrigonde, depending upon their

3  availability.

4  **See Addendum 3.**

5  Plaintiff and Defendants reserve the right to designate the depositions of any

6  other witnesses should they be unavailable for trial pursuant to the Federal Rules of

7  Civil Procedure, or should such testimony be offered for impeachment or cross-

8  examination.

9  **XIII.  FURTHER DISCOVERY OR MOTIONS**

10  Plaintiff anticipates bringing both *Daubert* Motions and Motions in Limine,

11  and respectfully asks that the Court set a briefing schedule and hearing date for such

12  Motions at the Final Pretrial Conference.

13  In addition to the issues outlined above in Section V, Disputed Evidentiary

14  Issues, plaintiff will bring additional Motions in Limine to exclude issues that are not

15  relevant, prejudicial, or potentially confusing and misleading pursuant to Federal

16  Rule of Evidence 403 and California Rule of Evidence 350 and 352.

17  Further expert depositions are scheduled on May 14th, May 15th, May 16th and

18  May 17th and possibly May 18th or May 21st. These depositions are likely generate

19  additional exhibits (including photographs from experts Post, Mayda and Gomez) and

20  additional disputed issues.

21  **XIV.  STIPULATIONS**

22  The parties are working together on a stipulation regarding past medical

23  expense actually paid under *Howell v. Hamilton Meats & Provisions, Inc.* (2011) 52

24  Cal.4th 541.  The parties will attempt to complete the stipulation in advance of the

25  Pre-Trial Conference.

26  **XV.   AMENDMENTS – DISMISSALS**

27  Plaintiff settled with Action Motorsports of Tahoe, Inc., for $1,000,000.00, and

28  that entity was dismissed with prejudice on April 3, 2018.  Defendant asserts that

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

13

JOINT PRE-TRIAL STATEMENT - CASE NO. 2:16-cv-00759-TLN-DB

this leaves an issue regarding credit to be applied to any verdict plaintiff receives.

## XVI.   SETTLEMENT NEGOTIATIONS

The parties are scheduled for mediation on May 22, 2018 before Hon. Richard Gilbert.  Plaintiff demanded $35,000,000.  There has been no counter-offer.

Defendants have requested that plaintiff dismiss defendant Urbana Tahoe Beverage Company, LLC, as defendants allege that this entity does not have and did not have ownership, management or control of the subject pier and is not in any way liable or responsible for plaintiff's accident.

## XVII. AGREED STATEMENTS

There are significant factual disputes between the parties.   Some of the background facts are not in dispute.  The parties agree that the attached statement of case may be read to the jury.

The defense does not agree that presentation of any part of the accident upon an Agreed Statement is feasible or advisable.

**See Addendum 4.**

## XVIII.      SEPARATE TRIAL OF ISSUES

Plaintiff believes the issues in this case are inter-related, and there are no issues that lend themselves to separate trials and/or other determinations.

Defendants anticipate a motion per FRCP Rule 42 for separate trial on liability prior to trial on damages.

## XIX.   IMPARTIAL EXPERTS – LIMITATION OF EXPERTS

Impartial experts would not be advisable.   Each side has retained expert witnesses to address all issues requiring expert testimony.

## XX.   ATTORNEYS' FEES

This is not an action that allows for attorney's fees.

## XXI.   TRIAL EXHIBITS

Court retention of exhibits pending appeal is not advisable.  The parties can be custodians of the exhibits for appellate purposes.  No special handling of the trial

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

JOINT PRE-TRIAL STATEMENT - CASE NO. 2:16-cv-00759-TLN-DB

1 exhibits is required.

2 ## XXII. TRIAL PROTECTIVE ORDER

3    The parties will not request trial protective orders.  (Local Rule 141.1.)

4 ## XXIII.    MISCELLANEOUS / JURY SELECTION

5 ### A.    Plaintiff's Position

6    Plaintiff's counsel wishes to conduct voir dire as provided by California Code of

7 Civil Procedure §222.5, which states:

> (B)(1) Upon completion of the trial judge's initial
> examination, counsel for each party shall have the right to
> examine, by oral and direct questioning, any of the
> prospective jurors in order to enable counsel to intelligently
> exercise both peremptory challenges and challenges for
> cause.  The scope of the examination conducted by counsel
> shall be within reasonable limits prescribed by the trial
> judge in the judge's sound discretion subject to the
> provisions of this chapter.  During any examination
> conducted by counsel for the parties, the trial judge shall
> permit liberal and probing examination calculated to
> discover bias or prejudice with regard to the circumstances
> of the particular case before the court. ...(2) The trial judge
> shall not impose specific unreasonable or arbitrary time
> limits or establish an inflexible time limit policy for voir
> dire.

   Counsel recognizes that in federal court, the trial court will limit counsel's time to conduct the type of voir dire permitted in state court.  If this court intends to limit voir dire, then Plaintiff's counsel would respectfully request that the Court allow a jury questionnaire to assist in voir dire and jury selection.  The proposed questionnaire is attached as **Addendum 5.**

   Plaintiff's counsel would request the attached jury questionnaire be forwarded to the jury pool in advance of trial to expedite the *voir dire* process.  Counsel believes that use of this questionnaire will significantly assist all counsel and the Court in obtaining a fair jury for this matter, thereby promoting judicial economy and saving the Court's resources.

   This practice was utilized in the United States District Court Eastern District of Arkansas in the matter of *Hogland v. Town & Country Grocer of Fredericktown,*

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

15

JOINT PRE-TRIAL STATEMENT - CASE NO. 2:16-cv-00759-TLN-DB

1  *Missouri.* In that action, the Questionnaire was provided to the prospective jurors by

2  the Court with the paperwork subpoenaing them for trial. The jurors returned the

3  questionnaire to the Court, and provided copies to counsel before trial. The Court

4  and counsel then used these questionnaires prior to trial to identify any individuals

5  who would be subject to a cause challenge thereby saving time and effectively select a

6  fair jury in that matter.

7      Plaintiff's counsel asks the Court follow a similar procedure in this case.

8  Providing this questionnaire to potential jurors in advance allows them to answer

9  these important questions completely and truthfully with minimal time constrains

10  and in their own home. With these answers the Court can, with counsel, efficiently

11  and effectively go through the questionnaires and address any questions, concerns, or

12  problems with those potential jurors during voir dire.

13      Plaintiff's counsel has tried cases many cases throughout northern California

14  and in the area geographically included in the Eastern District. It is respectfully

15  submitted that the use of a juror questionnaire is crucial for this case, which involves

16  a variety of complex personal injuries, a foreign defendant, and significant earning

17  capacity and future medical expense figures. The questionnaire is a vital tool in

18  ferreting out bias on either side pertaining to tort cases generally. Instead of

19  listening to jurors who have bias relative to civil matters and potentially poison a

20  panel, the written questions can be reviewed by counsel and the Court without

21  consuming jurors' time in listening to anecdotes about family or acquaintances who

22  have bias views on civil personal injury cases.

23      Plaintiff submits that the proposed questionnaire is short and concise, and will

24  not take up undue time in having the potential jurors fill out the forms. The

25  proposed questionnaire inquiries into the jurors' demographics, experience with the

26  legal field/system, and potential biases in this case. These questions will

27  undoubtedly be addressed during voir dire questioning by the Court and counsel.

28  Having written responses to these topics will streamline the jury selection process

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

16

JOINT PRE-TRIAL STATEMENT - CASE NO. 2:16-cv-00759-TLN-DB

1  and will allow both sides to efficiently conduct voir dire.  Further, the jury

2  questionnaire can also involve a list of prospective witnesses so that prospective

3  jurors' knowledge of any of the witnesses can be dealt with efficiently and time not

4  wasted asking if anyone knows the parties.

5      **B.**    **Defendants' Position**

6      Voir dire by the court alone is sufficient and efficient and will avoid efforts to

7  try the case in Voir Dire.

8  Dated:  May 10, 2018        Walkup, Melodia, Kelly & Schoenberger

9

10                  By:      /S/

11                      MICHAEL A. KELLY

12                      VALERIE N. ROSE
                    Attorneys for Plaintiff

13                      ELENA TYURINA

14  Dated:  May 10, 2018        Rushford & Bonotto

15

16                  By:      /S/

17                      JAMES J. RUSHFORD

18                      HASAN SHAIK
                    Attorneys for Defendants

19                      URBANA TAHOE TC, LLC; URBANA
                    TAHOE BEVERAGE COMPANY, LLC

20

21  Dated:  May 10, 2018

22

23                  By:      /S/

24                      ROBERT AMUNDSON
                    Attorneys for Defendants

25                      URBANA TAHOE TC, LLC; URBANA
                    TAHOE BEVERAGE COMPANY, LLC

26

27

28

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

**Addendum 1 to Proposed Pretrial Order Plaintiff
Elena Tyurina's Separate Witness List**

Addendum 1 to Proposed Pretrial Order
Plaintiff Elena Tyurina's Separate Witness List

| WITNESS | SUBSTANCE OF TESTIMONY |
| --- | --- |
| Jon Anderson | (South Lake Tahoe Fire; responded to the scene of the fall) |
| Alex Barchuk, M.D. | (Plaintiff's expert, Physiatrist) |
| Richard Barnes, CPA | (Plaintiff's expert, Economist) |
| Scott Blasser | (South Lake Tahoe Fire; responded to the scene of the fall) |
| Natalya Burlakova | (Lay witness re: non-economic damages) |
| Cameron Chartouni | (President, Urbana TC, LLC) |
| Scott M. Cinelli, D.O. | (Plaintiff's non-retained treating physician) |
| Nancy Walker Cooney | (Former Beach Retreat Banquet Captain, injured falling off of the pier) |
| Lori Cramer | (Beach Retreat Wedding Sales Manager, organized weddings on pier) |
| Jeremy Davis | (Beach Retreat Front Desk Supervisor; responded to the scene of the fall) |
| James Drennan | (South Lake Tahoe Fire; responded to the scene of the fall) |
| Jason Droll, Ph.D. | (Plaintiff's expert, Human Factors and Visibility) |
| Thomas Fitzpatrick | (Beach Retreat Contractor, Due Diligence and Construction, via videotaped deposition) |
| Darren Foerschler | (Former Beach Retreat Director of Food and Beverage; supervised staff on the pier) |
| Allan Gutierrez | (Beach Retreat Owner and former Property Manager) |
| Robert Hassett | (Owner of Beach Retreat Lessee, Action Motorsports) |
| David Hansen | (former Beach Retreat Operations Manager) |
| Terrant Hencz | (former Beach Retreat Maintenance Manager) |

| | |
|---|---|
| Austyn Herrera | (Former Beach Retreat Wedding Coordinator, worked on pier) |
| Ken Kasman | (TRPA official who met with Beach Retreat personnel) |
| William F. Kitzes, J.D. | (Plaintiff's Expert, Safety Management) |
| Michael A. Mayda | (Plaintiff's expert, Photogrammetry) |
| Ron McCoy | (Wedding Participant, Beach Retreat, March 2015) |
| Maridee McFarlane | (Injured falling off of the pier) |
| Gary D. Midkiff | (Plaintiff's expert, TRPA) |
| Edward Nolan | (Beach Retreat Owner and former Property Manager) |
| Alison Osinski, Ph.D. | (Plaintiff's expert, Aquatic Risk Management) |
| Roy Peterson | (Plaintiff's stepfather) |
| Tatyana Peterson | (Plaintiff's mother) |
| Karen Philbrook | (Wedding Participant, Beach Retreat, March 2015) |
| Karen Preston | (Plaintiff's expert, Life Care Plan) |
| Brandon Reed | (Beach Retreat employee, General Manager) |
| Rick Sarkisian, Ph.D. | (Plaintiff's Expert, Vocational Rehabilitation) |
| Lali Sekhon, M.D. | (Plaintiff's non-retained treating physician) |
| Brian Shinault | (Beach Retreat contractor, Architect) |
| Sophie Tetlow | (South Lake Tahoe Fire; responded to the scene of the fall) |
| Elena Tyurina | (Plaintiff) |
| Bonnie Warhol, M.D. | (Plaintiff's non-retained treating physician, possibly via deposition) |
| Lloyd W. Williams | (Plaintiff's expert, Hotel Management) |

# Addendum 2 to Proposed Pretrial Order
## Plaintiff's Exhibit List

Addendum 2: Plaintiff's Exhibit List

| PLAINTIFF'S EXHIBIT NUMBER | DOCUMENT DATE | DOCUMENT DESCRIPTION | WITNESS | DEPO EXHIBIT NUMBER | PRIOR DEPO EX NUMBER | BATES NUMBER START | BATES NUMBER STOP |
|---|---|---|---|---|---|---|---|
| 1 | undrated | Reed GM Job Description | Reed | 3 | | | |
| 2 | undrated | Beach Retreat SOP | Reed | 4 | | | |
| 3 | 2012-2015 | Beach Retreat Org Chart 2015 | Reed | 5 | | | |
| 4 | 2012-2015 | CA Report Gross (2012-15) | Reed | 6 | | Urbana000088 | Urbana000301 |
| 5 | undrated | Urbana TC Investment Struct | Reed | 7 | | Urbana000087 | |
| 6 | 6.12.15 | TikiHut Violation | Reed | 9 | | Urbana000078 | Urbana000081 |
| 7 | undrated | Photo Pier Underside Dry | Reed | 12 | | | |
| 8 | undrated | 2 Photos Water and Pier | Reed | 13 | | | |
| 9 | undrated | Photo of Pier Dry | Reed | 18 | | | |
| 10 | 10.9.15 | Beach Retreat Incident Report- Tyuina | Reed | 19 | | | |
| 11 | 10.9.15 | Email Davis to Reed re: Tyuina Incident | Reed | 21 | | | |
| 12 | undrated | Wedding Advertisement Photo | Reed | 22 | | | |
| 13 | 2012-2015 | Wedding Advertisement Photo | Reed | 24 | | | |
| 14 | 2012-2015 | 2012-2015 July 4 Ticket Sales | Reed | 25 | | | |
| 15 | undrated | 2015 Advertisement for July 4 | Reed | 26 | | | |
| 16 | undrated | 2015 Advertisement for July 4 | Reed | 27 | | | |
| 17 | undrated | 2016 Advertisement for July 4 | Reed | 28 | | | |
| 18 | undrated | 2016 Advertisement for July 4 with Fireworks on Pier | Reed | 29 | | | |
| 19 | undrated | 2017 Advertisement for July 4 | Reed | 30 | | | |
| 20 | undrated | 2016 Advertisement for July 4 | Reed | 31 | | | |
| 21 | 7.29.13, 12.27.13 | Pac Bulb Filing Replacement Bills | Reed | 33 | | | |
| 22 | 10.16.15 | Photo Sign, Proceed with Caution, No Handrails on Pier | Reed | 34 | | | |
| 23 | undrated | Photo Sign, Proceed with Caution, No Handrails on Pier and Please Use Caution, No Railings, Shallow | Reed | 35 | | | |
| 24 | 7.3.16 | Photo Rope Barrier and Sign on Pier | Reed | 37 | | | |
| 25 | 3.30.17 | Photo Weddings on Pier Over Shallow Water | Herrera | 39 | | | |
| 26 | undrated | Email: Re: Meeting with Ken Kasman at TRPA | Kasman | 42 | | | |
| 27 | 7.31.12 | Email David Landry Re: Attend Meeting with Ken Kasman at TRPA | Kasman | 43 | | | |
| 28 | 7.30.12 | Ken Kasman Meeting Notes | Kasman | 44 | | | |
| 29 | 8.3.12 | TRPA Permit Tracking Report | Kasman | 45 | | | |
| 30 | undrated | Photos Chambers | Hassett | 53 | | | |
| 31 | undrated | Photos Chambers | Hassett | 54 | | | |
| 32 | undrated | Email Reed & Hassett Re: Handrules | Hassett | 60 | 56 | | |
| 33 | 6.12.13 | Email Reed & Hassett Re: Responsibility for Guests | Hassett | 61 | | | |
| 34 | 6.12.13 | Email Chatoian & Hassett Re: Pier Gate | Hassett | 63 | 58 | | |
| 35 | 7.3.16 | Photo: Rope Barrier | Hassett | 64 | | | |
| 36 | undrated | Photo: Metal Barrier | Hassett | 65 | | | |
| 37 | undrated | Email: Guiterrez & Hassett Re: Repairs, Gate to Limit Liability | Hassett | 70 | | | |
| 38 | 7.30.17 | Letter: Hassett to Reed Re: Barriers | Hassett | 71 | | | |
| 39 | 7.9.17 | Metal Barricaded Order | Reed | 75 | | | |
| 40 | undrated | Photo: Rail on Floating Dock | Reed | 77 | | | |
| 41 | undrated | Photo: Wedding Compilation | Herrera | 78 | | | |
| 42 | undrated | Photo: Signs, Rope and Metal Barrier | Gutierrez | 80 | | | |
| 43 | undrated | Photo: Signs, Rope and Metal Barrier on Pier | Gutierrez | 81 | | | |
| 44 | 11.8.11 | Email and Investment Memo, Version 1 | Gutierrez | 82 | 57 | | |
| 45 | 1.11.12 | Email and Investment Memo, Version 2 | Gutierrez | 84 | | | |
| 46 | 5.29.12 | Operating Agreement, Urbana Tahoe TC LLV | Gutierrez | 85 | | | |
| 47 | undrated | Photo: Picnic Tables on Pier | Gutierrez | 86 | 62 | | |
| 48 | undrated | Photo: Picnic Tables on Pier | Gutierrez | 87 | 69 | | |
| 49 | undrated | Real Estate Asset Management Agreement | Gutierrez | 88 | 65 | | |
| 50 | 5.24.12 | Hotel Management Agreement | Gutierrez | 89 | 67 | | |
| 51 | 5.30.12 | Email Due Diligence | Gutierrez | 90 | | | |
| 52 | 10.23.11 | TRPA Conference Center Permits | Gutierrez | 91 | | | |
| 53 | 9.9.13 | Email: Pac Built Inc Responsible for Pier's Integrity | Gutierrez | 94 | 70 | | |
| 54 | 12.27.13 | TRPA Permit Including Lighting on Pier | Gutierrez | 99 | | | |
| 55 | 8.20.96 | Transaction Consultants Printout | Gutierrez | 104 | | | |
| 56 | 9.27.11 | Shisuti Proposal for Architectural Services | Fitzpatrick | 105 | | | |
| 57 | 6.25.12 | TRPA Permit Chambers Pier Modification | Fitzpatrick | 107 | | | |
| 58 | 7.25.12 | TRPA Permit Chambers Pier Modification | Fitzpatrick | | | | |
| 59 | 3.21.17 | TRPA Permit Fitzpatrick to Gutierrez re: Changes to Restaurant; TRPA | Fitzpatrick | 110 | | | |

Addendum 2: Plaintiff's Exhibit List

| PLAINTIFF'S EXHIBIT NUMBER | DOCUMENT DATE | DOCUMENT DESCRIPTION | WITNESS | DEPO EXHIBIT NUMBER | PRIOR DEPO EX NUMBER | BATES NUMBER START | BATES NUMBER STOP |
|---|---|---|---|---|---|---|---|
| 60 | undated | Alpine Metals Schematic | Fitzpatrick | 118 | | | |
| 61 | 7/8/1995 | Pier Wedding Marketing Materials | Cramer | 120 | | | |
| 62 | undated | 2014 Events on the Pier Policy | Cramer | 121 | | | |
| 63 | undated | Photo: Reception on Pier | Cramer | 124 | | | |
| 64 | undated | Photo: Diner on Pier | Cramer | 125 | | | |
| 65 | undated | Photo: Diner on Pier | Cramer | 126 | | | |
| 66 | undated | Photo: Diners on Pier | Cramer | 127 | | | |
| 67 | undated | Photos: Wedding Brunch on Pier | Cramer | 128 | | | |
| 68 | undated | Photos: Wedding Brunch on Pier | Cramer | 129 | | | |
| 69 | undated | Photo: Wedding Brunch on Pier | Cramer | 130 | | | |
| 70 | undated | Photo: Wedding Toast on Pier | Cramer | 131 | | | |
| 71 | undated | Photo: Ceremony on Pier | Cramer | 132 | | | |
| 72 | 10.15.15,9-7.16.16 | Photo: Ceremony on Pier | Cramer | 133 | | | |
| 73 | undated | Beach Retreat Marketing Agenda | Cramer | 134 | | | |
| 74 | undated | Medical Records (Selected) | Charbouni | 142 | | | |
| 75 | undated | Photo: Google Image of Pier/Blasser's Markings | Blasser | | 4 | | |
| 76 | undated | Photo: Image of Pier/Drennan's Markings | Drennan | | 5 | | |
| 77 | undated | Diagram: Pier | Drennan | | 6 | | |
| 78 | undated | Photo: Plaintiff at Christmas | | | | | |
| 79 | undated | Photo: Plaintiff in Recovery | Tyutina | | B | | |
| 79 | undated | Photos: Plaintiff Prior to Injury | Tyutina | | C | | |
| 80 | undated | Photo of Pier, Produced by Plaintiff in Response to RPD as Exhibit E | | | | | |
| 81 | undated | Photos of Pier, Produced by Plaintiff in Response to RPD as Exhibit J | | | | | |
| 82 | undated | Medical Records (Selected) - South Lake Tahoe Fire Department | | | | | |
| 83 | undated | Medical Records (Selected) - Lake Valley Fire Protection District | | | | | |
| 84 | undated | Medical Records (Selected) - El Dorado County Ambulance | | | | | |
| 85 | undated | Medical Records (Selected) - Regional Emergency Medical Services Authority (REMSA) | | | | | |
| 86 | undated | Medical Records - Renown Regional Medical Center - Discharge Summary | | | | | |
| 87 | undated | Medical Records - Renown Regional Medical Center - ED Report | | | | | |
| 88 | undated | Medical Records - Renown Regional Medical Center - Consult Notes | | | | | |
| 89 | undated | Medical Records - Renown Regional Medical Center - History & Physical | | | | | |
| 90 | undated | Medical Records - Renown Regional Medical Center - Operative Reports Notes | | | | | |
| 91 | undated | Medical Records - Renown Regional Medical Center - Procedure Notes | | | | | |
| 92 | 10.9.15 | Medical Records - Renown Regional Medical Center - Pre-Surgery Check CT (1) | | | | | |
| 93 | 10.9.15 | Medical Records - Renown Regional Medical Center - Pre-Surgery Check CT (2) | | | | | |
| 94 | 10.10.15 | Medical Records - Renown Regional Medical Center - Pre-Surgery Check CT (3) | | | | | |
| 95 | 10.10.15 | Medical Records - Renown Regional Medical Center - Pre-Surgery MRI T-Spine | | | | | |
| 96 | 10.12.15 | Medical Records - Renown Regional Medical Center - Post-Surgery Imaging of Hardware | | | | | |
| 97 | 10.12.15 | Medical Records - Renown Regional Medical Center - Post-Surgery X-Ray of Hardware (1) | | | | | |
| 98 | 10.12.15 | Medical Records - Renown Regional Medical Center - Post-Surgery X-Ray of Hardware (2) | | | | | |
| 99 | undated | Medical Records - Travel Care Air Ambulance | | | | | |
| 100 | undated | Medical Records (Selected) - Mayo Clinic | | | | | |
| 101 | undated | Medical Records (Selected) - Courage Kenny Rehabilitation Institute | | | | | |
| 102 | 4.5.16 | Medical Records (Selected) - Courage Kenny Rehabilitation Institute - Dr. Wartol Work Restriction | | | | | |
| 103 | undated | Medical Records (Selected) - Acupuncture Health Center | | | | | |
| 104 | undated | Medical Records (Selected) - Neurosurgical Associates | | | | | |
| 105 | undated | Medical Records (Selected) - Neurosurgical Associates | | | | | |
| 106 | undated | Medical Records (Selected) - Urology Associates | | | | | |
| 107 | undated | Medical Records (Selected) - Healtheast Neurosurgery Clinic | | | | | |
| 108 | 1.11.17 | Medical Records (Selected) - HealthPartners Bloomington Clinic | | | | | |
| 109 | undated | Medical Records (Selected) - Alina Health | | | | | |
| 110 | 5.5.17 | Medical Records (Selected) - Alina Health - Operative Note - Shoulder Surgery | | | | | |
| 111 | undated | Medical Records (Selected) - University of Minnesota Medical Center | | | | | |
| 112 | undated | Medical Records (Selected) - University of Minnesota Medical Center - Operative Note - Botox Injections | | | | | |
| 113 | undated | Medical Records (Selected) - Winkley Orthotics & Prosthetics | | | | | |
| 114 | undated | Medical Records (Selected) - Alina Health-Inver Grove Heights Clinic | | | | | |
| 115 | undated | Medical Records (Selected) - Sierra Neurosurgery Group | | | | | |
| 116 | undated | Medical Records (Selected) - Alina Health - Abbott Northwestern Hospital | | | | | |
| 117 | undated | Medical Records (Selected) - Alina Health - Edina Clinic | | | | | |
| 118 | undated | Medical Records (Selected) | | | | | |

Addendum 2: Plaintiff's Exhibit List

| PLAINTIFF'S EXHIBIT NUMBER | DOCUMENT DATE | DOCUMENT DESCRIPTION | WITNESS | DEPO EXHIBIT NUMBER | PRIOR DEPO EX NUMBER | BATES NUMBER START | BATES NUMBER STOP |
|---|---|---|---|---|---|---|---|
| 119 | undated | Medical Records (selected) | | | | | |
| 120 | undated | Medical Records (selected) | | | | | |
| 121 | undated | Medical Records (selected) | | | | | |
| 122 | undated | Medical Records (selected) | | | | | |
| 123 | undated | Medical Records (selected) | | | | | |
| 124 | undated | Medical Records (selected) | | | | | |
| 125 | undated | Medical Records (selected) | | | | | |
| 126 | undated | Medical Records (selected) | | | | | |
| 127 | undated | Medical Records (selected) - South Lake Tahoe Fire Department | | | | | |
| 128 | undated | Medical Bills (selected) - Lake Valley Fire Protection District | | | | | |
| 129 | undated | Medical Bills (selected) - El Dorado County Ambulance | | | | | |
| 130 | undated | Medical Bills (selected) - Regional Emergency Medical Services Authority (REMSA) | | | | | |
| 131 | undated | Medical Bills (selected) - Renown Regional Medical Center | | | | | |
| 132 | undated | Medical Bills (selected) - Travel Care Air Ambulance | | | | | |
| 133 | undated | Medical Bills (selected) - Mayo Clinic | | | | | |
| 134 | undated | Medical Bills (selected) - Acupuncture Health Center | | | | | |
| 135 | undated | Medical Bills (selected) - Allina Health | | | | | |
| 136 | undated | Medical Bills (selected) - Urology Associates | | | | | |
| 137 | undated | Medical Bills (selected) - Neurosurgical Associates | | | | | |
| 138 | undated | Medical Bills (selected) - University of Minnesota Medical Center | | | | | |
| 139 | undated | Medical Bills (selected) - Healtheast Neurosurgery Clinic | | | | | |
| 140 | undated | Medical Bills (selected) - Neurosurgical Associates of St. Paul | | | | | |
| 141 | undated | Medical Bills (selected) - HealthPartners Bloomington Clinic | | | | | |
| 142 | undated | Medical Bills (selected) - Allina Health | | | | | |
| 143 | undated | Medical Bills (selected) - Courage Kenny Rehabilitation Institute | | | | | |
| 144 | undated | Medical Bills (selected) - Winkley Orthotics & Prosthetics | | | | | |
| 145 | undated | Medical Bills (selected) - Sierra Neurosurgery Group | | | | | |
| 146 | undated | Medical Bills (selected) | | | | | |
| 147 | undated | Medical Bills (selected) | | | | | |
| 148 | undated | Medical Bills (selected) | | | | | |
| 149 | undated | Medical Bills (selected) | | | | | |
| 150 | undated | Medical Bills (selected) | | | | | |
| 151 | undated | Photo of Leg Braces, Produced by Plaintiff in Response to RPD as Exhibit Q | | | | | |
| 152 | undated | Photo of Ankle Braces, Produced by Plaintiff in Response to RPD as Exhibit Q | | | | | |
| 153 | undated | Medical Bills (selected) | | | | | |
| 154 | undated | Medical Bills (selected) | | | | | |
| 155 | undated | Medical Bills (selected) | | | | | |
| 156 | undated | Alex Barchuk, MD Curriculum Vitae | | | | | |
| 157 | undated | Alex Barchuk, MD Report | | | | | |
| 158 | undated | Alex Barchuk, MD Life Care Plan Worksheet | | | | | |
| 159 | undated | Alex Barchuk, MD File | | | | | |
| 160 | undated | Alex Barchuk, MD Demonstratives | | | | | |
| 161 | undated | Richard Barnes, CPA; Curriculum Vitae | | | | | |
| 162 | undated | Richard Barnes, CPA; Report | | | | | |
| 163 | undated | Richard Barnes, CPA; Exhibit B to Report: Future Life Care Costs (MN) | | | | | |
| 164 | undated | Richard Barnes, CPA; Exhibit C to Report: Future Life Care Costs (CA) | | | | | |
| 165 | undated | Richard Barnes, CPA; Exhibit D to Report: Earning/Earning Capacity Loss Alternatives | | | | | |
| 166 | undated | Richard Barnes, CPA; File | | | | | |
| 167 | undated | Richard Barnes, CPA; Demonstratives | | | | | |
| 168 | undated | Jason Droll, PhD; Curriculum Vitae | | | | | |
| 169 | undated | Jason Droll, PhD; Report | | | | | |
| 170 | undated | Jason Droll, PhD; File | | | | | |
| 171 | undated | Jason Droll, PhD; Demonstratives | | | | | |
| 172 | undated | Jason Droll, PhD; Demonstratives | | | | | |
| 173 | undated | William Kitzes; Curriculum Vitae | | | | | |
| 174 | undated | William Kitzes; Report | | | | | |
| 175 | undated | William Kitzes; File | | | | | |
| 176 | undated | William Kitzes; Demonstratives | | | | | |
| 177 | undated | Michael Mayda; Curriculum Vitae | | | | | |

| PLAINTIFF'S EXHIBIT NUMBER | DOCUMENT DATE | DOCUMENT DESCRIPTION | WITNESS | DEPO EXHIBIT NUMBER | PRIOR DEPO EX NUMBER | BATES NUMBER START | BATES NUMBER STOP |
|---|---|---|---|---|---|---|---|
| 178 | undated | Michael Mayda: Report | | | | | |
| 179 | undated | Michael Mayda File | | | | | |
| 180 | undated | Michael Mayda: Demonstratives | | | | | |
| 181 | undated | Gary Midkiff: Report | | | | | |
| 182 | undated | Gary Midkiff Exhibit A to Report: Curriculum Vitae | | | | | |
| 183 | undated | Gary Midkiff Exhibit A to Report | | | | | |
| 184 | undated | Gary Midkiff Exhibit B to Report: Governing Board Resolution - Partial Permitting Program for Shorezone and Eligibility Criteria | | | | | |
| 185 | undated | Gary Midkiff Exhibit C to Report: Photo Simulations of Safety Rail and Mitigation | | | | | |
| 186 | undated | Gary Midkiff Exhibit C to Report: Site Photos of Pier taken by Midkiff | | | | | |
| 187 | undated | Gary Midkiff Exhibit D to Report: Photo Simulations of Safety Rail and Mitigation | | | | | |
| 188 | undated | Gary Midkiff Exhibit E to Report: Plan and photos of Chambers Landing | | | | | |
| 189 | undated | Gary Midkiff Exhibit G to Report: Examples of Lighting | | | | | |
| 190 | undated | Gary Midkiff Exhibit H to Report: TRPA 2008 Shorezone Ordinance | | | | | |
| 191 | undated | Gary Midkiff Exhibit I to Report: TRPA Code Chapter 23 excerpts re Special Use | | | | | |
| 192 | undated | Gary Midkiff Exhibit J to Report: TRPA Pier Design Standards (Railings on Piers) | | | | | |
| 193 | undated | Gary Midkiff Exhibit J to Report: Regional Plan for the Lake Tahoe Basin, Design Review Guidelines | | | | | |
| 194 | undated | Gary Midkiff: File | | | | | |
| 195 | undated | Gary Midkiff: Demonstratives | | | | | |
| 196 | undated | Alison Osinski, PhD: Report | | | | | |
| 197 | undated | Alison Osinski, PhD: Curriculum vitae | | | | | |
| 198 | undated | Alison Osinski, PhD: File | | | | | |
| 199 | undated | Alison Osinski, PhD: Demonstratives | | | | | |
| 200 | undated | Karen Preston: Report | | | | | |
| 201 | undated | Karen Preston: Curriculum vitae | | | | | |
| 202 | undated | Karen Preston: Life Care Plan Tables | | | | | |
| 203 | undated | Karen Preston: Report | | | | | |
| 204 | undated | Karen Preston: Wheelchair and Orthotics Photos | | | | | |
| 205 | undated | Karen Preston: File | | | | | |
| 206 | undated | Karen Preston: Demonstratives | | | | | |
| 207 | undated | Rick Sarkisian: Report | | | | | |
| 208 | undated | Rick Sarkisian: Curriculum vitae | | | | | |
| 209 | undated | Rick Sarkisian: Report | | | | | |
| 210 | undated | Rick Sarkisian: File | | | | | |
| 211 | undated | Rick Sarkisian: Demonstratives | | | | | |
| 212 | undated | Lloyd Williams: Report | | | | | |
| 213 | undated | Lloyd Williams: Curriculum vitae | | | | | |
| 214 | undated | Lloyd Williams: Report | | | | | |
| 215 | undated | Lloyd Williams: File | | | | | |
| 216 | undated | Lloyd Williams: Demonstratives | | | | | |
| 217 | undated | Anatomical Illustration | | | | | |
| 218 | undated | Anatomical Illustration | | | | | |
| 219 | undated | Anatomical Illustration | | | | | |
| 220 | undated | demonstrative exhibit board | | | | | |
| 221 | undated | demonstrative exhibit board | | | | | |
| 222 | undated | demonstrative exhibit board | | | | | |
| 223 | undated | demonstrative exhibit board | | | | | |
| 224 | undated | demonstrative exhibit board | | | | | |
| 225 | undated | demonstrative exhibit board | | | | | |
| 226 | undated | demonstrative exhibit board | | | | | |
| 227 | undated | demonstrative exhibit board | | | | | |
| 228 | undated | Powerpoint: Opening | | | | | |
| 229 | undated | Powerpoint: Closing | | | | | |

# Addendum 2 to Proposed Pretrial Order
# Defendants' Exhibit List

DEFENDANTS anticipates the following exhibits may be offered at trial:

   A. Photo of pier and beach (Exhibit D to deposition of Tyurina)

   B. Photo of pier and beach (Exhibit 18 to deposition of Reed)

   C.  Photo of pier and beach (Exhibit 5b to depo of Drennan)

   D. Tyurina Incident Report (Exhibit 21 to depo of Reed)

   E. E-mail from Jeremy Davis, 10/09/2015 (Exhibit 22 to depo of Reed)

   F. Photo of Tyurina modeling in wheel chair.

   G. Photo of Tyurina modeling under water.

   H. Photo of Tyurina modeling in wheel chair under water.

   I.  Photo of Tyurina modeling in wheel chair under water.

   J. Photo of Tyurina modeling in wheel chair.

   K. Photo of Tyurina modeling in wheel chair under water.

   L. Report of defendant's expert Donelson.

   M. Report of defendant's expert Magnusson.

   N. Report of defendant's expert Hyland.

   O. Life Care Plan from Defendant's expert Hyland.

   P. Report of defendant's expert Cowan.

   Q. Report of defendant's expert Volk

   R. Expert Volk's calculations.

   S. Report of defendant's expert Miller.

   T. Report of defendant's expert Brady.

   U. Report of defendant's expert Devivo.

   V. Report of defendant's expert Goeringer.

   W. Report of defendant's expert Post.

   X. Photo from defendant's expert Post (IMG_20151015_144236)

   Y. Photo from defendant's expert Post (IMG_20151015_144344)

   Z. Photo from defendant's expert Post (IMG_20151015_144427)

AA.      Photo from defendant's expert Post (IMG_20151015_144559)

BB.      Photo from defendant's expert Post (IMG_20151015_144727)

CC.      Photo from defendant's expert Post (IMG_20151015_144843)

DD.      Photo from defendant's expert Post (IMG_20151015_145016)

EE.      Photo from defendant's expert Post (IMG_20151015_145135)

FF.      Photo from defendant's expert Post (IMG_20151015_145252)

GG.      Photo from defendant's expert Post (IMG_20151015_145313)

HH.      Photo from defendant's expert Post (IMG_0345)

II.       Photo from defendant's expert Post (IMG_0347)

JJ.       Photo from defendant's expert Post (IMG_0348)

KK.      Photo from defendant's expert Post (IMG_0349)

LL.       Photo from defendant's expert Post (IMG_0350)

MM.     Photo from defendant's expert Post (IMG_0351)

NN.      Photo from defendant's expert Post (IMG_0352)

OO.      Photo from defendant's expert Post (IMG_0353)

PP.      Photo from defendant's expert Post (IMG_0354)

QQ.      Photo from defendant's expert Post (IMG_0355)

RR.      Photo from defendant's expert Post (DSC_0049)

SS.      Photo from defendant's expert Post (DSC_0050)

TT.      Photo from defendant's expert Post (DSC_0051)

UU.      Photo from defendant's expert Post (DSC_0052)

VV.      Photo from defendant's expert Post (DSC_0053)

WW.     Photo from defendant's expert Post (DSC_0054)

XX.      Photo from defendant's expert Post (DSC_0055)

YY.      Photo from defendant's expert Post (DSCN2489)

ZZ.      Report of defendant's expert Dawson.

AAA.     Report of defendant's expert Daly.

BBB.    Photo by Goeringer of Ski Run pier.

CCC.    Photo by Goeringer of Sunnyside pier.

DDD.    Photo by Goeringer of Chambers pier.

EEE.    Animation presentation picture 1

FFF.    Animation presentation picture 2

GGG.    Animation presentation picture 3

HHH.    Animation presentation picture 4

III.    Animation presentation picture 5

JJJ.    Animation presentation picture 6

KKK.    Animation presentation picture 7

LLL.    Animation presentation picture 8

MMM.    Animation presentation picture 9

NNN.    Photo from Cowan's deposition (Exhibit 163)

OOO.    Photo from Cowan's deposition (Exhibit 164)

PPP.    Photo from Cowan's deposition (Exhibit 164)

QQQ.    Photo from Cowan's deposition (Exhibit 165)

RRR.    Photo from Cowan's deposition (Exhibit 166)

SSS.    Photo from Cowan's deposition (Exhibit 166)

TTT.    Photo from Cowan's deposition (Exhibit 167)

UUU.    Photo from Cowan's deposition (Exhibit 167)

VVV.    Photo from Cowan's deposition (Exhibit 168)

WWW.    Photo from Cowan's deposition (Exhibit 168)

XXX.    Photo from Cowan's deposition (Exhibit 169)

YYY.    Photo from Cowan's deposition (Exhibit 169)

ZZZ.    Photo from Cowan's deposition (Exhibit 169)

AAAA(4).    Photo from Cowan's deposition (Exhibit 170)

BBBB(4).    Photo from Cowan's deposition (Exhibit 171)

CCCC(4).     Photo from Cowan's deposition (Exhibit 171)

DDDD(4).     Photo from Cowan's deposition (Exhibit 172)

EEEE(4).     Photo from Cowan's deposition (Exhibit 173)

FFFF(4).     Photo from Cowan's deposition (Exhibit 173)

GGGG(4).     Photo from Cowan's deposition (Exhibit 174)

HHHH(4).     Photo taken by Mark Gomez

IIII(4).     Photo taken by Mark Gomez

JJJJ(4).     Photo taken by Mark Gomez

KKKK(4).     Photo taken by Mark Gomez

LLLL(4).     Photo taken by Mark Gomez


Photos/animation from Hugo Conchucos, of, DK Global, entitled TyurinaRecon_Final01

**Addendum 3 to Proposed Pretrial Order
Notice of Intent to Offer Video Trial Testimony of
Thomas Fitzpatrick**

LAW OFFICES OF
WALKUP, MELODIA, KELLY & SCHOENBERGER
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26ᵀᴴ FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
T: (415) 981-7210 · F: (415) 391-6965

MICHAEL A. KELLY (State Bar #71460)
mkelly@walkuplawofice.com
VALERIE N. ROSE (State Bar #272566)
vrose@walkuplawoffice.com

ROGER A. DREYER (STATE BAR # 95462)
DREYER, BABICH, BUCCOLA, WOOD & CAMPORA
20 Bicentennial Circle
Sacramento, CA 95826
T:  (916) 379-3500
F:  (916) 379-3599
rdreyer@dbbwc.com

**ATTORNEYS FOR PLAINTIFF**
**ELENA TYURINA**

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELENA TYURINA,<br><br>                    Plaintiff,<br><br>        v.<br><br>URBANA TAHOE TC LLC; URBANA<br>TAHOE BEVERAGE COMPANY, LLC<br>dba Beach Retreat and Lodge Tahoe,<br><br>                    Defendants. | Case No. 2:16-cv-00759-TLN-DB<br><br>**NOTICE OF INTENT TO OFFER<br>VIDEO TRIAL TESTIMONY OF<br>THOMAS FITZPATRICK**<br><br>Complaint Filed:  April 13, 2016<br>Trial Date:  July 16, 2018 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

    PLEASE TAKE NOTICE that pursuant to Code of Civil Procedure §2025.340(m),

plaintiff intends to offer the following excerpts of the deposition of Thomas Fitzpatrick., taken on

October 24, 2017, in the form of video recording evidence at trial.  Plaintiff reserves the right to

offer any or all of the following citations, either on direct, cross examination, or in plaintiff's case

in chief.

/ / / /

| FROM (PAGE:LINE) | TO (PAGE:LINE) |
|---|---|
| 5:16 | 5:23 |
| 8:20 | 9:25 |
| 17:14 | 17:17 |
| 22:21 | 24:6 |
| 105:14 | 107:8 (Ex. 104) |
| 18:13 | 18:19 |
| 19:17 | 19:24 |
| 119:17 | 120:5 |
| 120:18 | 120:19 |
| 122:9 | 122:15 |
| 124:2 | 124:21 |
| 131:5 | 131:10 |
| 133:2 | 133:16 |
| 135:7 | 135:10 |
| 163:11 | 163:16 |
| 194:6 | 194:17 |
| 195:2 | 195:10 |
| 197:3 | 197:19 |
| 198:11 | 199:8 |
| 179:19 | 179:22 |
| 180:1 | 180:3 |
| 181:10 | 182:13 |
| 188:8 | 189:3 |
| 220:25 | 221:17 |
| 159:18 | 160:5 |
| 222:13 | 222:18 |
| 226:9 | 226:18 |
| 228:19 | 232:12 |
| 232:15 | 232:18 |
| 233:13 | 234:8 |
| 240:20 | 241:11 |
| 253:12 | 253:19 |
| 253:22 | 254:10 |
| 245:11 | 245:15 |
| 247:23 | 248:3 |
| 272:14 | 272:18 |
| 273:20 | 273:24 |

Plaintiff likewise reserves the right to employ additional or non-designated portions of Mr. Fitzpatrick's videotaped testimony in response to any designations proposed by defendants, pursuant to Code of Civil Procedure §2025.620, or as permitted by the applicable provisions of the California Evidence Code.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

1   Dated:  May 10, 2018            WALKUP, MELODIA, KELLY & SCHOENBERGER

2

3                                   By: _____

4                                        MICHAEL A. KELLY
                                         VALERIE N. ROSE
5                                        Attorneys for Plaintiff
                                         ELENA TYURINA
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

NOTICE OF INTENT TO OFFER VIDEO TRIAL TESTIMONY OF THOMAS FITZPATRICK –
CASE NO. 2:16-cv-00759-TLN-DB

# Addendum 4 to Proposed Pretrial Order
## Statement of Case

LAW OFFICES OF
WALKUP, MELODIA, KELLY & SCHOENBERGER
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26ᵀᴴ FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
T: (415) 981-7210 · F: (415) 391-6965

MICHAEL A. KELLY (State Bar #71460)
mkelly@walkuplawofice.com
VALERIE N. ROSE (State Bar #272566)
vrose@walkuplawoffice.com

ROGER A. DREYER (STATE BAR # 95462)
DREYER, BABICH, BUCCOLA, WOOD & CAMPORA
20 Bicentennial Circle
Sacramento, CA 95826
T: (916) 379-3500
F: (916) 379-3599
rdreyer@dbbwc.com

ATTORNEYS FOR PLAINTIFF
ELENA TYURINA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELENA TYURINA,<br><br>    Plaintiff,<br><br> v.<br><br>URBANA TAHOE TC LLC; URBANA TAHOE BEVERAGE COMPANY, LLC dba Beach Retreat and Lodge Tahoe,<br><br>    Defendants. | Case No. 2:16-cv-00759-TLN-DB<br><br>**PROPOSED JOINT STATEMENT OF THE CASE**<br><br>Complaint Filed: April 13, 2016<br>Trial Date: July 16, 2018 |

The parties agree the following may be read to the jury:

**PROPOSED JOINT STATEMENT OF THE CASE**

This case arises from a fall that occurred off of the Beach Retreat pier in Lake Tahoe on October 9, 2015. Defendant Urbana Tahoe TC, LLC owned and managed the pier [and an adjacent hotel called the Beach Retreat and Lodge][1]. Plaintiff alleges that defendants were

---

[1] The parties disagree on whether the bracketed language should be included.

1

1    negligent in their ownership and management of the pier, and that they knew that the conditions

2    on the pier created an unreasonable risk of harm to pedestrians because there were no railings on

3    the pier or lighting at night beyond the entrance.  Plaintiff was walking on the pier shortly before

4    10:00 p.m. when she [fell / walked] off of the edge to the ground below, sustaining injuries

5    resulting in paraplegia.  She seeks recovery for the injuries and damages that she sustained.

6         Defendants contend the pier was in a reasonably safe condition and that Ms. Tyurina's own

7    failure to use due care, [including consuming alcohol,] caused or contributed her fall.

8    Dated:  May 10, 2018              WALKUP, MELODIA, KELLY & SCHOENBERGER

9

10                                    By:  _____/S/_____

11                                         MICHAEL A. KELLY
                                           VALERIE N. ROSE
12                                         Attorneys for Plaintiff
                                           ELENA TYURINA
13

14
     Dated:  May 10, 2018              RUSHFORD & BONOTTO
15

16

17                                    By:  _____/S/_____

18                                         JAMES J. RUSHFORD
                                           HASAN SHAIK
19                                         Attorneys for Defendants
                                           URBANA TAHOE TC, LLC; URBANA
20                                         TAHOE BEVERAGE COMPANY, LLC

21   Dated:  May 10, 2018

22

23

24                                    By:  _____/S/_____

25                                         ROBERT AMUNDSON
                                           Attorneys for Defendants
26                                         URBANA TAHOE TC, LLC; URBANA
                                           TAHOE BEVERAGE COMPANY, LLC

27

28

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

**Addendum 5 to Proposed Pretrial Order**
**Plaintiff's Proposed Questionnaire**

**<u>Juror Questionnaire</u>**

**PLEASE PRINT ALL ANSWERS LEGIBLY WITH A PEN**

Full Name:_____

1.    Age: _____

2.    City you live in: _____

3.    Where did you grow up? _____

4.    What is your marital status?  (If divorced, please check divorced, not single)
    ☐ Single        ☐ In a Relationship        ☐ Living with domestic partner
    ☐ Married for _____ years        ☐ Divorced        ☐ Widow/Widower
    ☐ Other: _____

5.    What is the highest level of education you completed? (check one)
    ☐ Grade School or Less        ☐ Some High School        ☐ High School Graduate
    ☐ Some College (major):_____
    ☐ Technical, vocational or business school (major):_____
    ☐ College Graduate (major):_____
    ☐ Postgraduate Study (major):_____

6.    Your present employment status (check all that apply):
    ☐ Employed full-time        ☐ Retired        ☐ Unemployed, looking for work
    ☐ Employed part-time        ☐ Student        ☐ Disabled        ☐ Homemaker

7.    What is your current or most recent occupation: _____
_____

    Name of your current or most recent employer or, if a student, your school: _____
_____

    Does your current job involve managerial or supervisory responsibilities?
    ☐ Yes  ☐ No    If yes, please describe: _____
_____

    Are you involved in the hiring or firing of other employees?
    ☐ Yes  ☐ No

    Are you involved in evaluating the job performance of other employees?
    ☐ Yes  ☐ No

8.   Have you ever owned your own business?   ☐ Yes   ☐ No

Name of Business: _____

Nature of Business (retail sales, manufacturing, etc.): _____

How long did you own the business? _____

Where was the business located? _____

What was the largest number of employees you had at any one time? _____

9.   Have you, a family member, or a close friend had any training or work experience involving the following?

| | No | Yes, Person | Please Explain |
|---|---|---|---|
| Psychology or Counseling | ☐ | ☐ Self   ☐ Spouse<br>☐ Family ☐ Friend | |
| Insurance | ☐ | ☐ Self   ☐ Spouse<br>☐ Family ☐ Friend | |
| Medicine or Nursing | ☐ | ☐ Self   ☐ Spouse<br>☐ Family ☐ Friend | |

10.   If you have children, please list (include any children who do not currently live with you):

| Sex | Age | Lives with you | Education | Occupation |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

11.   What civic, social, religious or other organizations are you affiliated with?_____

_____

Please describe any office you have held:_____

_____

12.   What are your hobbies, major interests, recreational past-times, spare-time activities, including sports? _____

_____

13.    Have you, or a family member ever been in a car accident?  ☐ Yes   ☐ No

If yes, who was in the accident?_____

Were you/they injured in the accident?_____

Were you/they hospitalized as a result of the accident?_____

Did you/they fully recover from your/their injuries?_____

14.    Have you, or a family member, ever filed a lawsuit against anyone?   ☐ Yes  ☐ No

If yes, who filed the lawsuit? _____

When was the lawsuit filed? _____

Where was the lawsuit filed? _____

Who was being sued? _____

Why were they bringing suit? _____

What was the result?_____

Was it resolved to your satisfaction? _____

What were your feelings about the legal process at the conclusion of the matter? ____

_____

15.    Have you, or a family member, ever been sued?   ☐ Yes   ☐ No

If yes, who was sued? _____

When was the lawsuit filed? _____

Where was the lawsuit filed? _____

Who sued him/her? _____

Why were they being sued? _____

What was the result?_____

Was it resolved to your satisfaction? _____

What were your feelings about the legal process at the conclusion of the matter? ____

_____

16.    If you or a family member were injured due to someone else's negligence, would you

file a lawsuit for economic damages (i.e. medical expenses, lost wages, etc...)?

☐ Yes   ☐ No

Please explain: _____

_____

17. If you or a family member were injured due to someone else's negligence, would you file a lawsuit for non-economic damages (i.e. quality of life/pain and suffering)?

☐ Yes   ☐ No

Please explain: _____

_____

18. Have you, or a family member, ever considered filing a lawsuit but chose not to?

☐ Yes   ☐ No

If yes, please explain: _____

_____

19. What is your opinion about the size of most jury awards in civil lawsuits?

☐ Too High

☐ About Right

☐ Too Low

☐ No Opinion

20. Do you believe that the laws should be changed to limit how much money an injured person can receive for pain and suffering?   ☐ Yes   ☐ No

21. Have you ever served as a juror before?   ☐ Yes   ☐ No

If yes, what Court? _____

If yes, please indicate the type of case(s):

☐ Civil        ☐ Criminal        ☐ Grand Jury        ☐ Other

In how many of these cases did you serve as the jury foreperson?_____

Was your jury service a positive or negative experience?   ☐ Positive   ☐ Negative

22. Do you have any ethical, religious, political, or other beliefs that prevent you from serving as a juror or would prevent you from being a fair and impartial juror?

☐ Yes   ☐ No

If yes, please explain: _____

_____

23. Have you, a family member, or a close friend ever been killed or seriously injured in an accident?   ☐ Yes   ☐ No

If yes, please explain: _____

_____

24. Have you, a family member, or a close friend ever suffered a spinal cord injury?

If yes, when did the injury occur? _____

If yes, what is the nature of the relationship?_____

If yes, what is your frequency of contact with the person?_____

_____

25. Have you, a family member, or a close friend ever suffered serious injuries from falling?

If yes, when did the injury occur? _____

If yes, what is the nature of the relationship?_____

If yes, what is your frequency of contact with the person?_____

_____

26. Do you know any of the people listed below? (please circle all the people you know) please check yes or no here to indicate whether or not you have circled any names:

☐ Yes   ☐ No

| |
|---|
| Mae Abrigonde |
| Jon Anderson |
| Alex Barchuk, M.D. |
| Richard Barnes, CPA |
| Scott Blasser |
| Maria Brady |
| Natalya Burlakova |
| Cameron Chartouni |
| Scott M. Cinelli, D.O. |
| Hugo Conchucos |
| Nancy Walker Cooney |
| Charles Cowan, Ph.D. |
| Lori Cramer |
| Jeremy Davis |
| Tom Dawson |

| |
| --- |
| Michael Devivo, Ph.D. |
| Alan Donelson |
| James Drennan |
| Jason Droll, Ph.D. |
| Thomas Fitzpatrick |
| Darren Foerschler |
| Michael Goeringer, AIA |
| Mark Gomez, Ph.D. |
| Allan Gutierrez |
| Robert Hassett |
| David Hansen |
| Terrant Hencz |
| Austyn Herrera |
| Carol Hyland |
| Ken Kasman |
| William F. Kitzes, J.D. |
| Amy Magnusson, M.D. |
| Michael A. Mayda |
| Ron McCoy |
| Gary D. Midkiff |
| Henry Miller, Ph.D. |
| Edward Nolan |
| Alison Osinski, Ph.D. |
| Roy Peterson |
| Tatyana Peterson |
| Karen Philbrook |

| |
|---|
| Robert Post, Ph.D. |
| Karen Preston |
| Brandon Reed |
| Rick Sarkisian, Ph.D. |
| Lali Sekhon, M.D. |
| Brian Shinault |
| Sophie Tetlow |
| Elena Tyurina |
| Eric Volk |
| Bonnie Warhol, M.D. |
| Lloyd W. Williams |

**CERTIFICATE OF SERVICE**
**Tyurina v. Urbana Tahoe TC LLC, et. al.**
**Case No. 2:16-cv-00759-TLN-EFB**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the county where the mailing took place. My business address is 650 California Street, 26th Floor, City and County of San Francisco, CA 94108-2615.

On the date set forth below, I caused to be served true copies of the following document(s) described as:

**JOINT PRE-TRIAL STATEMENT**

to:

| | |
|---|---|
| Roger A. Dreyer, Esq.<br>DREYER BABICH BUCCOLA<br>WOOD CAMPORA<br>20 Bicentennial Circle<br>Sacramento, CA 95826 | *Co-Counsel for Plaintiff ELENA*<br>*TYURINA*<br>P: (916) 379-3500<br>F: (916) 379-3599<br>E:  rdreyer@dbbwc.com<br>    gdeherrera@dbbwc.com<br>    alornson@dbbwc.com |
| James W. Rushford, Esq.<br>Hasan Shaik, Esq.<br>RUSHFORD & BONOTTO<br>1010 Hurley Way, Suite 410<br>Sacramento, CA  95825 | *Attorney For Defendants, URBANA*<br>*TAHOE TC, LLC; URBANA TAHOE*<br>*BEVERAGE COMPANY, LLC and*<br>*ACTION MOTORSPORTS OF TAHOE,*<br>*INC.*<br>P: 916-565-0590<br>F: 916-565-0599<br>E:  jrushford@rushfordbonotto.com<br>    hshaik@rushfordbonotto.com<br>    sriggs@rushfordbonotto.com<br>    nshams@rushfordbonotto.com |
| Robert G. Amundson, Esq.<br>WOOD, SMITH, HENNING<br>& BERMAN<br>5000 Birch Street, Suite 8500<br>Newport Beach, CA 92660 | *Attorney For Defendants, URBANA*<br>*TAHOE TC, LLC and URBANA TAHOE*<br>*BEVERAGE COMPANY, LLC*<br>P: (949) 757-4500<br>F: (949) 757-4550<br>E:  gamundson@wshblaw.com<br>    mnguyen@wshblaw.com |
| Edward Baldwin, Esq.<br>WOOD, SMITH, HENNING<br>& BERMAN<br>1401 Willow Pass Road, Suite 700<br>Concord, CA 94520 | *Attorney For Defendants, URBANA*<br>*TAHOE TC, LLC and URBANA TAHOE*<br>*BEVERAGE COMPANY, LLC*<br>P: (925) 222-3400<br>F: (925) 356-8250<br>E: ebaldwin@wshblaw.com |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address

1   lmccombe@walkuplawoffice.com to the persons at the e-mail addresses listed in the
2   Service List.  I did not receive, within a reasonable time after the transmission, any
    electronic message or other indication that the transmission was unsuccessful.

3           **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the
    document(s) with the Clerk of the Court by using the CM/ECF system.  Participants
4   in the case who are registered CM/ECF users will be served by the CM/ECF system.
    Participants in the case who are not registered CM/ECF users will be served by mail
5   or by other means permitted by the court rules.

6           I declare under penalty of perjury under the laws of the United States of
    America that the foregoing is true and correct and that I am employed in the office of
7   a member of the bar of this Court at whose direction the service was made.

8           Executed on May 10, 2018, at San Francisco, California.

9

10                                          _____
                                            Lori McCombe
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210