UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ELENA TYURINA,

          Plaintiff

    v.

URBANA TAHOE TC LLC,

          Defendant.

No.  2:16-cv-00759-TLN-DB

**FINAL PRETRIAL ORDER**

TRIAL DATE:  May 6, 2019
TIME: 9:00  a.m.

This Court held a Final Pretrial Conference on February 7, 2019.  Plaintiff ELENA TYURINA ("Plaintiff") was represented by counsel Michael Albert Kelly and Valerie Nicole Rose of Walkup, Melodia, Kelly, & Schoenberger, and Roger A. Dreyer of Dreyer Babich Buccola Wood Campora LLP.  Defendant URBANA TAHOE TC LLC ("Defendant") was represented by counsel Kevin Dean Smith, Edward Baldwin, and Robert Gregory Amundson of Wood Smith Henning & Berman LLP.  Mr. Amundson appeared by telephone.  After hearing, the Court makes the following findings and orders:

## I.     JURISDICTION / VENUE

This action arises under 28 U.S.C. § 1332.  Plaintiff is a resident of Minnesota. Defendants URBANA TAHOE TC, LLC and URBANA TAHOE BEVERAGE COMPANY, LLC are Delaware and California corporations, respectively.  The amount in controversy exceeds the sum of $75,000.

1

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).  Jurisdiction and venue are not contested.

## II.     SETTLEMENT CONFERENCE

Plaintiff and Defendant have indicated they intend to pursue further mediation before Judge Richard Gilbert.  The parties are ordered to file a Joint Status Update **not later than ten (10) days after the conclusion of mediation** informing the Court of the status of the case following mediation.

## III.    JURY TRIAL

The parties have demanded a jury trial.  Accordingly, this matter shall be tried before a jury.  The Court shall empanel eight (8) jurors.

## IV.     UNDISPUTED FACTS

a.  This is a personal injury case stemming from a fall that occurred on October 9, 2015 off of the Beach Retreat pier located in South Lake Tahoe.

b.  At the time, the Beach Retreat was owned and managed by defendant Urbana Tahoe TC, LLC.

c.  The Beach Retreat pier is approximately 1000 feet in length and approximately 16-20 feet in width.

d.  Action Motorsports operates a watersports business on the pier as a lessee of Urbana Tahoe TC, LLC.

e.  There is a restaurant on the pier, located at the base of the pier and owned and managed as part of the hotel by Defendant Urbana Tahoe TC, LLC.

f.  There is a post-and-rope barrier along both sides of the pier in the area of the restaurant.

g.  There are lighting fixtures mounted on the pier only in the area of the restaurant.

h.  There is no rail or physical barrier along any part of the pier beyond the restaurant, including the area where the fall occurred.

i.  There is no artificial lighting on the pier beyond the restaurant, including the area where the fall occurred.

j.  On October 9, 2015, Plaintiff Elena Tyurina was a hotel guest of the Beach Retreat.

2

k.  On October 9, 2015, Ms. Tyurina and her travelling companion, Fedor Demeshko, checked in to the hotel and shared a bottle of wine on the Beach Retreat pier while watching the sunset.

l.  Later that evening, Ms. Tyurina and her companion dined at the restaurant inside the hotel, but she consumed no alcohol.

m.  Sometime after dinner, the couple had a disagreement.  Ms. Tyurina proceeded to walk alone along the shore.

n.  Shortly before 10:00 p.m., Ms. Tyurina returned to the hotel pier and walked along its length.

o.  At the time she returned to the pier, access to the pier was open to pedestrian traffic.

p.  As Ms. Tyurina walked towards the end of the pier, she became fearful of the dark, and turned around to walk back towards the shore-end of the pier.

q.  Ms. Tyurina walked off the west side edge of the pier as she was walking back towards the shore-end of the pier.

r.  At the location where Ms. Tyurina fell, the walking surface of the pier was approximately 12 feet above the lakebed below.

s.  Ms. Tyurina sustained a spinal cord injury in the fall that rendered her paraplegic.

## V.  DISPUTED FACTUAL ISSUES

a.  Whether the pier presented an unreasonable risk of harm.

b.  Whether Defendant had actual or constructive notice that the pier presented an unreasonable risk of harm.

c.  Whether Defendant was negligent in its ownership and management of the pier.

d.  Whether Defendant's negligence was a substantial factor in causing Plaintiff's harm.

e.  Whether Plaintiff was comparatively negligent.

Plaintiff has identified the following additional disputed factual issues:

a.  The nature and extent of Plaintiff's damages, including past and future medical expenses, wage loss, earning capacity, and non-economic damages.

b.  Whether Plaintiff fell onto a dry lakebed, which consisted of exposed sand and dirt.

3

    c.   Whether Defendant took any action to erect barriers, guards, railings, or lights to increase safety on the pier before Ms. Tyurina's injury but after two prior serious injuries—one to a visitor and one to an employee.

Defendant has identified the following additional disputed factual issues:

    a.   Whether Plaintiff was comparatively negligent on the night of the accident without using reasonable care for her own safety, which was a substantial factor contributing to her injuries and damages.

    b.   Whether Plaintiff was intoxicated on the night of the accident, or conducted herself on the pier under the influence of alcohol and emotions.

    c.   Whether Plaintiff expressly assumed the risk of a fall and injuries when she walked out onto the dark pier knowing there were no railings or lights.

    d.   Whether Defendant, as the owner-operator of a public facility, was under any statutory requirement or regulation to have railings and/or lights on the pier as of October 9, 2015.

    e.   Whether the absence of railings and lighting on the pier at night were open and obvious to Plaintiff at the time she decided to walk onto the pier immediately prior to the accident.

    f.   Whether Plaintiff currently and in the future will sustain lost earnings or a lost earning capacity.

    g.   The nature and extent to which Plaintiff will require future medical treatment, surgeries and attendant nursing care.

    h.   Whether the nature and extent of Plaintiff's damages should be reduced, due to the availability of alternative medical care funding through government programs including Medicaid and the Affordable Care Act.

    i.   The future life expectancy and work life expectancy of Plaintiff.

**VI.**    **DISPUTED EVIDENTIARY ISSUES**

The parties have each identified numerous disputed evidentiary issues and prospective motions *in limine* which have been memorialized in the parties' Joint Pretrial Statement (ECF No. 63 at 5-10 and Addendum 6) and are incorporated herein.

4

**VII.** **WITNESSES**

Plaintiff lists the following prospective witnesses:

a.  Jon Anderson

b.  Alex Barchuk, M.D.

c.  Richard Barnes, CPA

d.  Scott Blasser

e.  Natalva Burlakova

f.  Cameron Chartouni

g.  Scott M. Cinelli, D.O.

h.  Nancy Walker Cooney

i.  Lori Cramer

j.  Jeremy Davis

k.  Brendan Dougherty

l.  James Drennan

m.  Jason Droll, Ph.D.

n.  Thomas Fitzpatrick

o.  Darren Foerschler

p.  Allan Gutierrez

q.  Robert Hassett

r.  David Hansen

s.  Terrant Hencz

t.  Austvn Herrera

u.  Ken Kasman

v.  William F. Kitzes, J.D.

w.  Francisco Lopez

x.  Michael A. Mavda

y.  Ron McCoy

z.  Maridee McFarlane

1   aa.  Gary D. Midkiff

2   bb.  Edward Nolan

3   cc.  Alison Osinski, Ph.D.

4   dd.  Roy Peterson

5   ee.  Tatvana Peterson

6   ff.  Karen Philbrook

7   gg.  Karen Preston

8   hh.  Brandon Reed

9   ii.  Rick Sarkisian, Ph.D.

10   jj.  Lali Sekhon, M.D.

11   kk.  Brian Shinault

12   ll.  Sophie Tetlow

13   mm. Elena Tyurina

14   nn.  Bonnie Warhol, M.D.

15   oo.  Lloyd W. Williams

16   Defendant lists the following prospective witnesses:

17   a.  Mae Abrigonde

18   b.  Jon Anderson

19   c.  Scott Blasser

20   d.  Maria Brady

21   e.  Cameron Chartouni

22   f.  Scott M. Cinelli, D.O.

23   g.  Charles Cowan

24   h.  Lori Cramer

25   i.  Tom Daly

26   j.  Jeremy Davis

27   k.  Tom Dawson

28   l.  Michael J. Devivo, Ph.D.

6

m. Alan Donelson

n. James Drennan

o. Thomas Fitzpatrick

p. Darren Foerschler

q. Michael Goeringer

r. Mark Gomez

s. Allan Gutierrez

t. David Hansen

u. Robert Hassett

v. Austyn Herrera

w. Carole Hyland

x. Ken Kesman

y. Amy Magnuson, M.D.

z. Marian Massey

aa. Kristin Mazzochi

bb. Henry Miller

cc. Ed Nolan

dd. Robert Post

ee. Brandon Reed

ff. Eric Volk

gg. Bonnie Warhol, M.D.

A.    No other witnesses will be permitted to testify unless: (1) the party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the Final Pretrial Conference, or (2) the witness was discovered after the Final Pretrial Conference and the proffering party makes the showing required in section B below.

B.    Upon the post-pretrial discovery of witnesses, the attorney shall promptly inform the Court and opposing parties of the existence of the unlisted witnesses so that the Court may

1    consider at trial whether the witnesses shall be permitted to testify. The evidence will not be

2    permitted unless: (1) The witnesses could not reasonably have been discovered prior to pretrial;

3    (2) the Court and opposing counsel were promptly notified upon discovery of the witnesses; (3) if

4    time permitted, counsel proffered the witnesses for deposition; (4) if time did not permit, a

5    reasonable summary of the witnesses' testimony was provided by opposing counsel.

6    **VIII.   EXHIBITS-SCHEDULES AND SUMMARIES**

7         The parties have provided a preliminary list of trial exhibits, but requested—and the Court

8    hereby grants—an additional three weeks to refine their exhibit lists.  The parties are therefore

9    ordered to file complete and final exhibit lists **not later than March 5, 2019**.  The parties are

10   further ordered to meet and confer and stipulate, where possible, to the authenticity and

11   admissibility of exhibits prior to trial.  The parties shall exchange exhibits with each other and

12   provide copies to the Court **not later than one week before the first day of trial**.

13        Plaintiff's exhibits shall be listed numerically.  Defendant's exhibits shall be listed

14   alphabetically.  The parties shall use the standard exhibit stickers provided by the Court Clerk's

15   Office:  pink for Plaintiff and blue for Defendant.  After three letters, note the number of letters in

16   parenthesis (i.e., "AAAA(4)") to reduce confusion during the trial.  All multi-page exhibits shall

17   be fastened together and each page within the exhibit shall be numbered.  All photographs shall

18   be marked individually.  The list of exhibits shall not include excerpts of depositions which may

19   be used to impeach witnesses.

20        Each party may use an exhibit designated by the other.  In the event that Plaintiff and

21   Defendant offer the same exhibit during trial, that exhibit shall be referred to by the designation

22   the exhibit is first identified.  The Court cautions the parties to pay attention to this detail so that

23   all concerned will not be confused by one exhibit being identified with both a number and a letter.

24        A.      The Court will not permit introduction of exhibits not listed in the parties'

25   respective exhibit lists unless: (1) the party proffering the exhibit demonstrates that the exhibit is

26   for the purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial

27   Scheduling Conference, or (2) the exhibit was discovered after the Pretrial Scheduling

28   Conference and the proffering party makes the showing required in paragraph "B" below.

B.      Upon the post-pretrial discovery of exhibits, the attorneys shall promptly inform the Court and opposing counsel of the existence of such exhibits so that the Court may consider at trial their admissibility. The exhibits will not be received unless the proffering party demonstrates: (1) the exhibits could not reasonably have been discovered prior to pretrial; (2) the Court and counsel were promptly informed of their existence; (3) counsel forwarded a copy of the exhibit(s) (if physically possible) to opposing counsel. If the exhibit(s) may not be copied, the proffering counsel must show that he or she has made the exhibit(s) reasonably available for inspection by opposing counsel.

C.      As to each exhibit, each party is ordered to exchange a copy identical to the Court's copy, or other reproduction of the exhibit(s) in a three-ring binder(s) **not later than one week before trial.**

D.      The attorney or representative for each party is directed to present the one copy of the exhibit(s) and exhibit list to the Court Clerk's Office, **no later than 3:00 p.m., one week before trial**, or at such earlier time as may be ordered by the Court.  The Court shall be presented with a copy of the exhibit(s) in a 3-ring binder(s) with a side tab identifying each exhibit by number or letter.  Each binder shall be no larger than three inches in width and have an identification label on the front and side panel.

E.      It is the duty of counsel to ensure that witnesses have access to a copy of exhibit(s) if needed.

**IX.      DISCOVERY DOCUMENTS**

A.      Lodging Deposition Transcripts and Video Files

It is the duty of counsel to ensure that any deposition transcripts which are to be used at trial have been lodged with the Clerk of the Court **one week prior to trial**.  Counsel are cautioned that a failure to discharge this duty may result in the Court precluding use of the deposition or imposition of such other sanctions as the Court deems appropriate.

B.      Use of Depositions

The parties are ordered to file with the Court and exchange between themselves **not later than one week before trial** a statement designating portions of depositions intended to be offered

9

or read into evidence (except for portions to be used only for impeachment or rebuttal).

      C.    <u>Interrogatories and Admissions</u>

To the extent the parties intend to offer or read into evidence any portions of Answers to Interrogatories or Admissions, a statement designating those discovery responses shall also be filed and exchanged **not later than one week before trial** (except portions to be used only for impeachment or rebuttal).

## X.    <u>FURTHER DISCOVERY OR MOTIONS</u>

Pursuant to the Court's Pretrial Scheduling Order and subsequently approved stipulations of the parties, all fact discovery was to have been conducted so as to be completed as of February 28, 2018. Designation of expert witnesses were due by March 14, 2018. The dispositive motion hearing deadline was May 3, 2018. The parties have indicated that Plaintiff has one remaining expert deposition. The parties are free to engage in informal agreements regarding discovery and law and motion matters, but any such agreements will not be enforceable in this Court.

## XI.    <u>MOTIONS IN LIMINE</u>

The parties' motions *in limine* are due **not later than three weeks before the first day of trial**, once a trial date is confirmed. Oppositions are due **not later than two weeks before trial**.

Any motion for separate trials or bifurcation shall be filed pursuant to the same briefing schedule.

## XI.    <u>AGREED STATEMENTS - JOINT STATEMENT OF CASE</u>

In their joint pretrial statement, the parties provided a jointly-prepared statement concerning the nature of this case to be read to the jury at the commencement of trial. That statement, as copied below, is mostly agreed upon with minor discrepancies embedded within the statement in brackets. As discussed at the pretrial conference, the Court will consider each version of the statement and decide which version to provide to the jury. The statement provided is as follows:

"This case arises from a fall that occurred off of the Beach Retreat pier in Lake Tahoe on October 9, 2015. Defendant Urbana Tahoe TC, LLC owned and managed the pier [and an adjacent hotel called the Beach Retreat and Lodge]. Plaintiff alleges that defendants were

1   negligent in their ownership and management of the pier, and that they knew that the conditions

2   on the pier created an unreasonable risk of harm to pedestrians because there were no railings on

3   the pier or lighting at night beyond the entrance.  Plaintiff was walking on the pier shortly before

4   10:00 p.m. when she [fell / walked] off of the edge to the ground below, sustaining injuries

5   resulting in paraplegia.  She seeks recovery for the injuries and damages that she sustained.

6          Defendants contend the pier was in a reasonably safe condition and that Ms. Tyurina's

7   own failure to use due care, [including consuming alcohol,] caused or contributed her fall."

8   **XII.   PROPOSED JURY INSTRUCTIONS, VOIR DIRE, VERDICT FORM**

9          A.   <u>Jury instructions</u>

10          Counsel are directed to meet and confer and to attempt to agree upon a joint set of jury

11   instructions. Counsel shall use the Ninth Circuit Model Jury Instructions and any revisions.

12   Alternate instruction or authority may only be used if a Ninth Circuit Model Jury Instruction is

13   unavailable.  All instructions shall be, to the extent possible, concise, understandable, and free

14   from argument. *See* Local Rule 163(c)**.  Parties shall also note that any modifications of**

15   **instructions from statutory authority, case law or from any form of pattern instructions**

16   **must specifically state the modification by underlining additions and bracketing deletions.**

17   Pursuant to Local Rule 163, jury instructions shall be filed with the Court **not later than the first**

18   **day of trial.**

19          B.   <u>Verdict Form</u>

20          The parties must file a joint verdict form(s) concurrently with proposed jury instructions

21   **on or before the first day of trial**.  If necessary, a special verdict or interrogatories shall be

22   included for all factual disputes submitted to the jury that must be resolved before questions of

23   law can be decided, and for any other issue on which specific responses are desired. *See* Local

24   Rule 163(e).

25          C.   <u>Voir Dire</u>

26          The parties shall submit proposed voir dire questions to the Court.  The Court reserves the

27   right to conduct all examination of prospective jurors.  Pursuant to Local Rule 162.1, the voir dire

28   questions shall be filed with the Court **not later than one week before trial**.

XIII.   <u>AUDIO/VISUAL EQUIPMENT</u>

The parties are required to file electronically a joint request to the Courtroom Deputy Clerk, Michele Krueger, **twenty-one (21) days before trial**, if they wish to reserve and arrange for orientation with all parties on the Court's mobile audio/visual equipment for presentation of evidence.  There will be one date and time for such orientation.

XIV.   <u>DATE AND LENGTH OF TRIAL</u>

Trial is scheduled for **May 6, 2019**.  The estimated length of trial is **twenty-five (25) days**.  Counsel are to email Michele Krueger, Courtroom Deputy Clerk, at mkrueger@caed.uscourts.gov or call 916-930-4163 on **April 5, 2019**, to ascertain the status of the trial date.

XV.   <u>OBJECTIONS TO PRETRIAL ORDER</u>

Each party is granted **fourteen (14) days** from the date of electronic filing of this Final Pretrial Order to object to any part of the order or to request augmentation to it.  A Final Pretrial Order will be modified only upon a showing of manifest injustice.  If no objection or modifications are made, this Order will become final without further order of the Court and shall control the subsequent course of the action, pursuant to Rule 16(e) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: February 16, 2019

Troy L. Nunley
United States District Judge

12